## BANK OF DeQUEEN *v.* TROYER.

Opinion delivered December 13, 1926.

1. JUDICIAL SALES—RECITAL OF CONDITION IN DEED.—A commissioner's deed need not recite that the land is sold subject to the lien of a bank as prescribed in the order of sale, since the deed, though absolute in form, conveys no greater title than the order of sale on which it is based.

2. APPEAL AND ERROR—HARMLESS ERROR.—The question whether a commissioner's deed on sale of land was invalid for failure to recite that the sale was subject to the lien of a bank was immaterial where the supposed paramount lien was disallowed in another case, as, with the disappearance of that lien, an absolute title passed by the sale.

3. JUDICIAL SALES—AUTHORITY OF COMMISSIONER IN SUCCESSION.—An order of the court to a commissioner to make a deed on sale of land under foreclosure was binding on his successor, who might make a deed without an additional order of court, under Crawford & Moses' Dig., § 2196.

Appeal from Sevier Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*Lake, Lake & Carlton,* for appellant.

*Abe Collins,* for appellee.

HUMPHREYS, J.   This is an appeal from a decree approving a deed to 217 acres of land, executed on the 27th day of April, 1925, by D. C. Cypert, as commissioner, successor to W. H. Wardlow, commissioner, said deed being based upon the sale of said lands by W. H. Wardlow, commissioner, to Lillian M. Troyer, the appellee herein, pursuant to a decree of foreclosure and order of sale to satisfy a lien upon said land in favor of said appellee for $604.85.   The decree of foreclosure and order of sale was entered of record pursuant to a mandate of this court, in the case of *Troyer* v. *Cameron,* 160 Ark. 421, 254 S. W. 688, at the October, 1923, term of the Sevier Chancery Court.   The commissioner sold the land on March 15, 1924, after due advertisement, and appellee herein became the purchaser for the sum of $800.   When the commissioner's report of sale was filed, one of the appellants herein, the Bank of DeQueen, appeared and filed an intervention asking that it be subrogated to the

lien of Henry Moore, Sr., which was a prior lien to that of appellee, and which prior lien had been satisfied by C. W. and Clara R. Cameron with money borrowed from it. The chancery court of Sevier County sustained the intervention of the Bank of DeQueen by declaring the latter's right to subrogation. Appellee herein appealed from that decree, and this court, on appeal, in the case of *Troyer* v. *Bank of DeQueen,* 170 Ark. 703, 281 S. W. 14, denied the right of subrogation to said bank, and reversed the decree of the chancery court, and remanded the cause with instructions to enter a decree dismissing the complaint of said bank for the want of equity. During the time the case of *Troyer* v. *Bank of DeQueen, supra,* was pending in the Supreme Court, the chancery court approved the sale of the land made on the 15th day of March, 1924, to the appellee herein, subject to the supposed prior lien of said bank, and ordered W. H. Wardlow, commissioner, to make a deed to Lillian M. Troyer, appellee herein. Before presenting the deed, the commissioner was succeeded, as clerk and *ex officio* commissioner, by D. C. Sypert. At the April term, 1925, of the Sevier Chancery Court, D. C. Sypert produced in open court his deed to Lillian M. Troyer, appellee herein, for approval. The deed was absolute and unconditional and made no reference to the supposed rights of the Bank of DeQueen. This deed was approved by the Sevier Chancery Court on the day it was presented.

Appellant contends for a reversal of the decree approving the deed, because the deed, made pursuant to a conditional order of sale, did not recite the condition contained in the order, and because the deed was made without any special order of the court directing D. C. Sypert, as successor to W. H. Wardlow, as commissioner, to execute same.

The condition in the order of sale was that the land should be sold subject to the lien of the Bank of DeQueen, but it was not necessary to recite the condition in the deed to make it a valid instrument. The deed, though absolute in form, conveyed no greater title than the order

of sale upon which it was based. The form of the deed is immaterial now, however, for the supposed prior and paramount claim of the bank was denied to it in the case of *Troyer* v. *Bank of DeQueen, supra,* and, with the disappearance of the aforesaid lien, an absolute title passed under the order of sale and subsequent sale to the appellee herein, who was the purchaser.

The order of the court to W. H. Wardlow, to make the deed as commissioner, was binding upon his successor in office; so D. C. Sypert, his successor, had the right to make the deed without an additional order of the court directing him to do so. Authority was conferred upon him to make the deed by § 2196, Crawford & Moses' Digest, which is as follows:

"The clerks of the circuit courts in the several counties shall be clerks of the chancery courts and *ex officio* masters and commissioners thereof in each of the said counties," etc.

No error appearing, the decree is affirmed.