The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial Circuit East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This is in response to your request for an opinion concerning the payment of advertising costs incurred by a circuit/chancery clerk who was appointed as commissioner to sell property for the chancery court. Specifically, you indicate that the predecessor in office of the current circuit/chancery clerk incurred approximately three thousand dollars in advertising costs (advertising the sale of property) while acting in his capacity as commissioner appointed by the court. The local newspaper is now requesting that the current circuit clerk pay the outstanding costs of advertising. You therefore ask my opinion as to whether the current circuit clerk is liable for outstanding advertising costs which were incurred by the previous circuit clerk while acting in his capacity as commissioner appointed by the court.
You do not state the nature of the particular sales in question which gave rise to the advertising costs comprising approximately three thousand dollars. Nor have we been provided with any orders of court regarding these sales which specify how these costs are to be borne. In any event, the detailed factual nature of such information would preclude its comprehensive review in the limited format of an official Attorney General opinion. I thus cannot provide a definitive conclusion regarding the costs in issue.
It may reasonably be concluded, however, that the current circuit clerk, under existing law, is not responsible for the advertising costs incurred by the former clerk merely by virtue of the office held. Section 16-13-313 of the Arkansas Code is relevant in this regard:
 (b) The clerk of the court may be appointed as master or commissioner of the court but shall not act as such without specific appointment.
* * *
 (d) Whenever the clerk of the court is appointed as master or commissioner in chancery, his actions shall not be considered as part of the duties of his office. His compensation as master or commissioner shall not be nor constitute a part of the fees, emoluments, or commissions of his office as clerk. [Emphasis added.]
The language above would thus not impute any outstanding liability resulting from commissioner activities to the current circuit clerk by virtue of the office alone. This statute represents a change in prior law, which did place at least some responsibility on successor clerks with regard to the duties of commissioners because such clerks were formerly "ex officio masters and commissioners." See former Ark. Stat. Ann. § 22-441[1] and Bank of DeQueen v. Troyer, 172 Ark. 379,288 S.W. 889 (1926) (binding successor clerk to make deed which court had ordered predecessor to make).
It is therefore my opinion that the responsibility for the payment of these costs will have to be determined by reference to the individual orders governing the sales involved and the payment of costs incurred with regard thereto. In many instances, for example, such costs are awarded from the proceeds of the sale. See e.g. Champion v. Champion, 238 Ark. 87,378 S.W.2d 648 (1964). I cannot determine, from the limited information provided, who is responsible for the payment of costs in each instance. As noted above, however, the current circuit clerk should not be responsible for payment of these costs by virtue of the office alone, as the clerk is no longer "ex officio" commissioner.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The current embodiment of this former statute appears at A.C.A. § 16-13-314. The language of the former provision, adopted in 1903, making the clerk "ex officio" commissioner was removed by the Code Revision Commission upon adoption of the Arkansas Code because it was contrary to the provisions of A.C.A. § 16-13-313 cited above which was enacted in 1967.